NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3297

ALFONSO ABADIA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Alfonso Abadia, of Colon, Republic of Panama, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3297

ALFONSO ABADIA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

DECIDED: February 7, 2007

Before MAYER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Alfonso Abadia petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the decision of the Office of Personnel Management ("OPM") that he is ineligible to redeposit into the Civil Service Retirement System ("CSRS") retirement funds which he received in a lump-sum payment in 1978, and that consequently he is ineligible for a retirement annuity under the CSRS. <u>Abadia v. Office of Pers. Mgmt.</u>, DC-0831-03-0453-M-1 (M.S.P.B. May 18, 2006). We <u>affirm</u>.

DISCUSSION

I.

Mr. Abadia sought a retirement annuity under CSRS based on his employment with the Panama Canal Company. He was employed by the Panama Canal Company from 1969 to 1978. Mr. Abadia requested and received a lump-sum refund of his retirement contributions in October 1978 when he left the company. He later was employed by the company on April 9, 1979, but resigned the next day. From June 29, 1981, to November 19, 1999, Mr. Abadia was employed by the Department of the Army in Panama. During his employment by the Department of the Army, Mr. Abadia's employment was governed by the Panama Canal Employment System rather than CSRS or the Federal Employees Retirement System.

Eventually, Mr. Abadia sought a retirement annuity under CSRS based on his employment with the Panama Canal Company from April 1969 through September 1978. After OPM denied the application, because it found him ineligible to redeposit the retirement funds he had withdrawn in 1978, Mr. Abadia appealed to the Board. In an initial decision, the Administrative Judge ("AJ") to whom the appeal was assigned held that Mr. Abadia had no right to redeposit the refund of his retirement contributions received in 1978 because the refund voided his annuity rights, and those rights were never reinstated because he was not thereafter reemployed by the federal government in a position subject to the federal retirement system. Abadia v. Office of Pers. Mgmt., DC-0831-03-0453-M-1 (M.S.P.B. Jan. 9, 2006) ("Initial Decision"). The Initial Decision, became the final decision of the Board on May 18, 2006, when the Board denied Mr. Abadia's petition for review for failure to meet the criteria for review set forth at 5 C.F.R.

2006-3297                                    2

§ 1201.115(d).  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We see no error in the Board's decision in this case.  The retirement statute provides that:

> [T]he receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee or Member is reemployed in the service subject to this subchapter.

5 U.S.C. § 8342(a).  The statute further provides that:

> Each employee or Member who has received a refund of retirement deductions under this or any other retirement system established for employees of the Government covering service for which he may be allowed credit under this subchapter may deposit the amount received, with interest. Credit may not be allowed for the service covered by the refund until the deposit is made.

5 U.S.C. § 8342(d)(1).  The AJ affirmed OPM's determination that Mr. Abadia was ineligible to redeposit retirement funds into the CSRS after finding that he had received a refund of his retirement contributions in 1978 and that he had not been reemployed by the federal government in a position subject to the federal retirement system.  Initial Decision at 2.

On appeal, Mr. Abadia does not dispute that he requested and received a refund of his retirement contributions in October 1978. Neither does he dispute the finding that he was never reemployed in a position subject to the federal retirement system. According to Mr. Abadia, it was due to his employing agency's error that he was not hired subject to the federal retirement system in 1979. He argues that the Panama Canal Company mistakenly hired him under a temporary appointment on April 9, 1979, from which he resigned the next day. He also argues that the Department of the Army made an error and mistakenly hired him as a new hire, whose employment was covered by the Panama Canal Employment System rather than CSRS.

However, the relevant facts have been established and are not disputed. Mr. Abadia received a refund of his retirement contributions in 1978 through a lump-sum payment. This voided his annuity rights until he was reemployed by the federal government in a position subject to the federal retirement system and redeposited the funds he previously had withdrawn. See 5 U.S.C. § 8342(a), (d)(1). Mr. Abadia was never reemployed by the federal government in a position subject to the federal retirement system.[1] The AJ correctly determined that Mr. Abadia's claim of

---

[1] Mr. Abadia appears to argue that Bell v. Office of Personnel Management,169 F.3d 1383 (Fed. Cir. 1999), requires a different result. In Bell, we reversed a decision of the Board that non-citizens of the United States who were initially employed by the Panama Canal Company, in temporary positions, not covered by the CSRS, before October 1, 1979, were not entitled to CSRS coverage upon their conversion to permanent positions with the Panama Canal Commission after October 1, 1979. The Panama Canal Act, 22 U.S.C. § 3649 (Supp. 1998), applied the CSRS to Panama Canal Commission employees, except, inter alia, any individual whose initial appointment by the Commission occurred after October 1, 1979. The Board interpreted the individuals whose initial appointment by the Commission occurred before October 1, 1979 to include only non-citizen workers that were employed by the Commission and who were covered by the CSRS prior to October 1, 1979. Bell, 169 F.3d at 1385. We

administrative error cannot serve as the basis for payment of an annuity when, as is the case here, the appellant does not meet the statutory requirements for that benefit.  See Killip v. Office of Pers. Mgmt., 991 F.2d 1564, 1569 (Fed. Cir. 1993) ("Any and all authority pursuant to which an agency may act ultimately must be grounded in an express grant from Congress.")

For the foregoing reasons, the final decision of the Board affirming the decision of OPM that Mr. Abadia is ineligible to redeposit retirement funds into the CSRS and consequently that he is ineligible for a retirement annuity under the CSRS is affirmed.

---

(Cont'd. . . .)

held that Panamanian citizens in temporary positions were "initially appointed" by the Commission prior to enactment of the Panama Canal Treaty, as required for statutory eligibility for CSRS coverage.  Id. at 1386.  We remanded for the Board to decide whether the petitioners in Bell were entitled to benefits under the CSRS.  Id.  Our decision in Bell does not change the determination that Mr. Abadia was not reemployed by the federal government in a position subject to the federal retirement system.